CLARK COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, PETITIONER, v. NEVADA STATE DEPARTMENT OF HEALTH, WELFARE AND REHABILITATION, AND KARL HARRIS, DIRECTOR THEREOF, RESPONDENTS.

No. 5524

October 15, 1968          445 P.2d 873

*George E. Franklin, Jr.,* District Attorney, and *Michael J. Wendell,* Deputy District Attorney, Clark County, for Petitioner.

*Harvey Dickerson,* Attorney General, *Norman Samuelson,* Deputy Attorney General, and *Robert A. Grayson,* Deputy Attorney General, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

An infant female child, born illegitimate and indigent, and now without known relatives, is also hydrocephalic. Medically, this means that she is so completely deteriorated, physically and mentally, that the prognosis is hopeless for any type of normal life. Having been a ward of the juvenile court in Clark County she was placed in Southern Nevada Memorial Hospital there. The county contends that the state is responsible for the child's care, support and maintenance and the state responds that its responsibility does not commence under NRS 433.300(1) until after the child becomes two years of age. The dispute centers upon the hospital costs charged to the county for the first two years of the infant's life and the county claims reimbursement from the state for that sum.

Certain statutes provide for remedial care to children who have specified needs. NRS 432.020(1)(b) provides for assistance to handicapped children and NRS 442.180 for assistance to crippled children. Both are remedial and both relate to state aid. NRS 435.010 places the duty upon the county to care for feeble-minded children. Only two statutes make provision for custodial care. One, NRS 433.300(1), does not become effective for children until they reach the age of two. Until then the only other custodial statute is NRS 428.010 which requires that "[e]very county shall relieve and support all * * * those incapacitated by age, disease or accident, * * * when such persons are not supported * * * by * * * relatives * * * or by state hospitals * * *."

Obviously the legislature intended that the responsibility for this child and those in the same or similar circumstances belongs to the county at least until eligibility for state care occurs.[1]

Petition denied.

THOMPSON, C. J., COLLINS, BATJER, AND MOWBRAY, JJ., concur.

---

[1]NRS 428.270(2)(d), not cited by either party, was not in existence when this child was born nor do its provisions appear to encompass these circumstances.